IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIE J. WOFFORD, | No. 4:22-CV-01862 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| STEPHEN SPAULDING, | |
| Respondent. | |

MEMORANDUM OPINION

FEBRUARY 10, 2023

Petitioner Willie J. Wofford, an inmate confined at the United States Penitentiary in Lewisburg, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asks the Court to order the federal Bureau of Prisons (BOP) to calculate and possibly apply time credits earned pursuant to the First Step Act (FSA). For the following reasons, the Court must dismiss Wofford's petition.

I.  **BACKGROUND**

Wofford is currently serving a 72-month sentence imposed by the United States District Court for the Western District of New York on January 10, 2022, for a firearms charge and possession with intent to distribute cocaine.[1] His current projected release date, according to BOP officials, is December 15, 2026.[2]

---

[1] Doc. 5-1 at 3 ¶ 3; Doc. 1-1 at 2.
[2] Doc. 5-1 at 3 ¶ 3.

Wofford contends that he is statutorily FSA-eligible but is being improperly denied application of FSA time credits.[3] Wofford's petition, however, is unclear as to what relief he is seeking. It appears that he wants Respondent to answer his petition and, presumably, apply (or at least calculate) the FSA time credits he has earned during his incarceration.[4]

## II.   DISCUSSION

Respondent maintains that Wofford's petition fails for two reasons. Respondent first contends that Wofford's petition is moot because the BOP has calculated his FSA credits and utilized those credits to create Wofford's current projected release date. Respondent also asserts that Wofford has failed to exhaust his administrative remedies. The Court need only address Respondent's exhaustion argument.

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.[5] Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own

---

[3]   Doc. 1 at 3, 9, 12.
[4]   *Id.* at 13.
[5]   *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).

errors" thereby fostering "administrative autonomy."[6]

The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.[7] That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.[8]

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.[9] Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction.[10] Exhaustion is likewise excused when it would be futile.[11]

Wofford concedes that he did not attempt to exhaust his administrative remedies.[12] In his petition, he bluntly states that "[t]he administrative remedy process" is "absolutely useless and futile," apparently because he believes that his

---

[6] *Moscato*, 98 F.3d at 761-62 (citations omitted).
[7] *See generally* 28 C.F.R. §§ 542.10-.19.
[8] *See id.* §§ 542.13-.15.
[9] *See Moscato*, 98 F.3d at 761.
[10] *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).
[11] *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).
[12] *See* Doc. 1 at 3.

3


FSA-induced release date has already passed.[13]

Wofford's assertion, however, is incorrect. He has not established that the BOP's administrative remedy system could not address his claim that he is owed FSA time credits and that such credits would move his projected release date forward. Rather, the BOP must first be given an opportunity to apply its expertise and to correct, if necessary, any mistakes it has made with regard to failing to calculate Wofford's FSA time credits. Indeed, it appears that the BOP has addressed this issue and calculated Wofford's FSA time credits.[14] Moreover, if Wofford takes issue with the BOP's time-credit calculations themselves—calculations which the BOP has now made—then he must raise those issues through the administrative remedy system first.

Wofford has not shown that the administrative remedy process is "futile," so he cannot skip the exhaustion requirements and come directly to federal court. And because he has failed to exhaust his administrative remedies with the BOP and no exception to exhaustion applies, the Court must dismiss his Section 2241 petition.[15]

---

[13]   *Id.* The Court notes that, as Wofford was sentenced on January 22, 2022, to a term of six years' imprisonment (and only had 10 days of jail credit), it is literally impossible for him to have earned enough FSA time credits to implicate a release date in 2023. *See* Doc. 5-1 at 6-7; 18 U.S.C. § 3632(d)(4)(A) (stating that prisoner can earn a maximum of 15 days of time credits for every 30 days of "successful participation" in eligible programming).
[14]   *See* Doc. 5 at 4; Doc. 5-1 at 3 ¶ 4.
[15]   *See Moscato*, 98 F.3d at 762.

### III. CONCLUSION

Because Wofford has failed to exhaust his administrative remedies with the BOP, the Court must dismiss his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate Order follows.

<div style="text-align:right">

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

</div>